IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Criminal No. 00-cr-0157 |
| | * | Civil No. _____ |
| | * | |
| KEVIN GRAY ET AL | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR LEAVE TO AMEND AND TO
ADOPT PETITIONS OF OTHERS**

COMES NOW Lionel Nunn, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15, and respectfully requests that this Court permit him to adopt the 28 U.S.C. §2255 Petitions of Mr. Gray, Mr. Moore and Mr. Handy. In support of this Motion counsel states:

1. Kevin Gray, Rodney Moore, Lionel Nunn, John Raynor, and Timothy Handy were joined for trial before this court. They were also joined for appeal. The Court of Appeals denied all claims on July 29, 2011. See 651 F.3d 30. The Supreme Court denied certiorari for all Defendants except Mr. Smith and Mr. Raynor on June 18, 2012. Therefore, in order to comply with the one-statute of limitations set out in 28 U.S.C. §2255, Mr. Gray, Mr. Moore, Mr. Handy and Mr. Nunn must filed their motion on or before June 18, 2013.

2. Counsel submit it would be repetitive and wasteful of CJA resources for all Petitioners to brief all issues. Accordingly, counsel request that this Court sign the proposed Order permitting that an issue raised by one Petitioner is deemed adopted by all, unless a petitioner excepts from it. It is requested that this issue be determined prior to the initiation of

post-conviction proceedings, so that counsel can draft and file each of the petitioners' respective §2255 petitions accordingly.

### The Federal Rules of Civil Procedure Permits Leave to Amend to Be Granted Liberally in These Circumstances

3. Rule 12 of the Rules Governing Section 2255 Proceedings provides,

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules ... and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate.

The Rules Governing Section 2255 do not establish a procedure for amending motions. As a result, courts look to Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(2) states that:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. Rule Civ. Pro. 15(a)(2). Under this rule "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States. v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4. In this case, justice, as contemplated by Rule 15, requires that the Court consider this Motion now, so that counsel will not be prejudiced by failing to raise claims included by others, and which would be defaulted if raised separately later. Petitioners contend that the Government will not be prejudiced by permitting them to adopt each others' pleadings, because the Government will be required to respond to the identical allegations in any event. Similarly, the Court will not be burdened by having to parse any differences in any individual pleadings.

5. Counsel for Mr. Handy, Mr. Gray and Mr. Moore have authorized counsel to state that they join in this request.

WHEREFORE, Petitioners respectfully request that this Court sign the proposed Order.

Respectfully submitted,

/s/
Gary E. Proctor
The Law Office of Gary E. Proctor, LLC
8 E. Mulberry St
Baltimore, MD 21202
(410) 444 1500

CERTIFICATE OF SERVICE
*Counsel for RW Nunn*

I hereby certify that the foregoing Motion to Adopt Petition of others was served on all counsel via ECF on June 7, 2013.

_____/s/_____
Gary E. Proctor