**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

    v.                                                             **CASE NO.: 00-157 (RCL)**

**JOHN RAYNOR**

**MOTION TO VACATE, SET ASIDE OR OTHERWISE CORRECT SENTENCE**

Defendant, John Raynor, by and through counsel, pursuant to 28 U.S.C. § 2255, does hereby move to vacate, set aside or otherwise correct his sentence. In support thereof, defendant sets forth as follows:

1. Defendant was found guilty of several counts of criminal conduct including murder, racketeering and conspiracy to distribute controlled substances.

2. Defendant appealed his convictions to the United States Court of Appeals and his convictions were affirmed.

3. The District of Columbia Office of the Federal Public Defender filed Petitions for Writs of Certiorari on behalf of defendant and codefendant Calvin Smith. On June 18, 2012, per a letter from the Clerk of the United States Supreme Court, the Supreme Court granted the Petitions for Writs of Certiorari in the matters of Calvin Smith and John Raynor v. United States, Case No.: 11-8976. The Supreme Court affirmed the convictions on January 9, 2013.

4. On March 4, 2013, defendant was informed by counsel from the Office of the Federal Public Defender that the D.C. Circuit had remanded his case to the trial court to determine whether Count 110 should be dismissed. In response to the remand, Judge Lamberth ordered the government to submit a proposal regarding how to proceed on Count 110. The government submitted a proposal in which it agreed to vacate the remanded counts. However, as of March 4, 2013, the subject count has not yet been formally dismissed. Counsel informed defendant that his convictions are not final as long as his case remains on remand from the Court of Appeals.

5. Even though 28 U.S.C. § 2255 provides that a 1 year limitation shall apply to a motion under this section and that the one year period shall run from the latest of—(1) the date on which the judgment of conviction becomes final, defendant files his Motion to Vacate today out of an abundance of caution.

6. The trial of this matter includes tens of thousands of pages of trial transcripts. The trial occurred in 2000. Defendant has since been represented by a number of counsel and undersigned counsel must review all materials related to the actions and determinations of all of his past counsel.

7. This proceeding is a massive undertaking and defendant seeks leave to supplement this Motion after his counsel has had the opportunity to complete a thorough review of the past proceedings.

8. Preliminarily it appears there may be issues related to introduction of perjured testimony and other issues that must be investigated in order to determine their viability for presentation to this Court for consideration.

9. Defendant seeks an evidentiary hearing to address all of the issues he raises after the completion of review of the record.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for a new trial and requests leave to allow his counsel to complete a thorough review of the trial record and to supplement the record in order to fully address all issues that may be present.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record on this the 9th day of January, 2013.

_____/s/_____
Steven R. Kiersh